**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 01 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JIMMY RAY ROLAND                                          PLAINTIFF

VS.                              NO. 4:17 cv559-DPM

                          This case assigned to District Judge Marshall
THOMAS ROBERT INGRALDI;          and to Magistrate Judge Kearney
THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                            DEFENDANTS

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, Douglas B. Stalley, the duly

appointed personal representative of the Estate of defendant Thomas Robert

Ingraldi, files this notice of the removal of this action from the Circuit Court of

Lonoke County, Arkansas, to the United States District Court for the Eastern

District of Arkansas, Western Division.  Removal jurisdiction based upon diversity

of citizenship, 28 U.S.C. § 1332, is founded on the following:

1.     This case, styled *Jimmy Ray Roland vs. Thomas Robert Ingraldi,*

*Thomas I. Robert, Heartland Express, Inc. of Iowa, John Doe, and John Doe Entity,*

was originally filed on July 7, 2016, in the Circuit Court of Lonoke County,

Arkansas, as civil case number 43CV-16-418.  This lawsuit is a civil action within

the meaning of the Acts of Congress relating to the removal of cases.

2.     On August 14, 2017, a summons and copies of the complaint and first

amended complaint were delivered via certified mail, with restricted delivery and a

return receipt requested to Derek B. Alvarez, the resident agent for service of

process for Douglas B. Stalley, in his capacity as personal representative for the Estate of defendant Thomas Robert Ingraldi.

3.     Stalley has not filed an answer on behalf of defendant Thomas Robert Ingraldi.

4.     This notice of removal is filed within thirty (30) days (or the first filing day thereafter) of the receipt by Stalley, through service or otherwise, of plaintiff's complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

5.     Pursuant to 28 U.S.C. § 1446(a), Stalley attaches as Exhibit "A" to this notice the complaint in this matter, the first amended complaint in this matter, the summons issued to defendant Thomas Robert Ingraldi, the summons issued to defendant Thomas I. Robert, the summons issued to defendant Heartland Express, Inc. of Iowa ("Heartland Express"), Heartland Express's two answers to the first amended complaint, plaintiff's John Doe affidavit, plaintiff's affidavit of service as to Heartland Express, the three motions for extension of time to serve defendant Thomas Robert Ingraldi, and the three orders granting those motions, which constitute all "process, pleadings and orders" served to date.  Stalley attaches as Exhibit "B" a copy of the letters of administration from the Circuit Court of Pasco County, Florida, appointing Stalley as personal representative for the Estate of defendant Thomas Robert Ingraldi.

6.     This case is removed pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.      Upon information and belief, and based on the allegations of the complaint, at the time of filing his complaint, plaintiff was an individual citizen and resident of the state of Arkansas.  (Ex. A, First Am. Compl. ¶ 1.)

8.      Defendant Heartland Express is a corporation organized under the laws of Iowa, with its principal place of business in North Liberty, Iowa. Accordingly, for purposes of diversity citizenship under 28 U.S.C. § 1332, Heartland Express is deemed to be a citizen of the state of Iowa.

9.      Heartland Express consents, through undersigned counsel, to the removal of this action.

10.     Defendant Thomas Robert Ingraldi was, until the time of his death, an individual citizen and resident of the state of Florida.  (Ex. A, First Am. Compl. ¶ 2.) Accordingly, Stalley, as the legal representative of Ingaldi's estate, is deemed to be a citizen only of the state of Florida.  28 U.S.C. § 1332(c)(2).

11.     Defendant Thomas I. Robert does not exist and has not been served separately from defendant Thomas Robert Ingraldi.  Rather, defendant Thomas I. Robert appears to have been named only as a misnomer for defendant Thomas Robert Ingraldi.

12.     Defendants Thomas Robert Ingraldi and Heartland Express are the only defendants that have been properly joined and served in this action. Defendant Thomas I. Robert and the defendants named only under the fictitious names "John Doe" and "John Doe Entity" need not be considered for purposes of

determining this Court's diversity jurisdiction, nor is it necessary for those defendants to consent to removal. *See* 28 U.S.C. §§ 1441(b)(1), 1446(b)(2)(A).

13.　As to the amount in controversy, the plaintiff's complaint expressly seeks compensatory damages in "a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases." (Ex. A, First Am. Compl. ¶ 28.) For purposes of removal, this demand is "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Thus, the amount in controversy exceeds the amount of $75,000.00, exclusive of costs and interest.

14.　Accordingly, this Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and the action is removable pursuant to 28 U.S.C. § 1441(a).

15.　The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending.

16.　Written notice of the filing of this notice will promptly be given to plaintiff, and, together with a copy of this notice of removal, will be filed with the Circuit Court of Lonoke County, Arkansas, as provided by 28 U.S.C. § 1446(d).

17.　Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Douglas B. Stalley, the duly appointed personal representative of the Estate of defendant Thomas Robert Ingraldi, removes this action from the Circuit Court of Lonoke County, Arkansas, to the United States

District Court for the Eastern District of Arkansas, Western Division, and seeks

resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jsallings@wlj.com
         mthompson@wlj.com

By _____

    Jerry J. Sallings (84134)
    Michael A. Thompson (2010146)
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On September 1, 2017, a copy of the foregoing was served by U.S. mail on the

following:

Mr. Geoff Thompson
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222

_____

Michael A. Thompson

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Jul-07  15:44:53
43CV-16-418
C23D03 : 6 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## _____ DIVISION

JIMMY RAY ROLAND                                                    PLAINTIFF

VS.                      CASE NO. _____

THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                          DEFENDANTS

---

### COMPLAINT

---

COMES NOW the Plaintiff, Jimmy Ray Roland, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the following:

### I.     RESIDENCY & PARTIES

1.      Plaintiff Jimmy Ray Roland was at all times relevant a citizen and resident of Lonoke, Lonoke County, Arkansas.

2.      Separate Defendant, Thomas I. Robert, was at all times relevant a resident of Port Richey, Pasco County, Florida.

3.      Separate Defendant Heartland Express, Inc. of Iowa (hereafter referred to as "Heartland Express") is a foreign for profit corporation licensed to do business in Arkansas. Defendant Heartland Express's principal address is 901 North Kansas Avenue, North Liberty, Johnson County, Iowa 52317. Defendant Heartland Express's registered agent is the Leon Prickett, III, located at 3221 East Broadway, North Little

**EXHIBIT**

**A**

Rock, Arkansas 72114.

4.      The residency of Defendant John Doe remains unknown.

5.      The residency of Defendant John Doe Entity remains unknown.

6.      The incident giving rise to this cause of action occurred on North Center Street, Lonoke, Lonoke County, Arkansas.

## II.    JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III.    BASIC PREMISE

9.      This is a negligence case which arises from a motor vehicle collision that occurred on October 15, 2015, on North Center Street, Lonoke, Lonoke County, Arkansas.

## IV.    FACTS

10.      On or about October 15, 2015, at approximately 3:18 pm, Mr. Roland was stopped facing north on North Center Street, in a Red 2008 Chevrolet Cobalt.

11.      At the same time, Defendant Robert was traveling down the Interstate

40 Eastbound exit ramp, in a 2015 International truck and trailer.

12.     Defendant Robert's vehicle is owned by his employer, Defendant Heartland Express, Inc. of Iowa.

13.     Plaintiff was stopped at a red light facing north at the intersection of North Center Street and an Interstate 40 Eastbound exit ramp when Defendant Robert took the exit ramp too fast causing his tractor trailer to roll onto its side and slide through the intersection, causing impact between the two vehicles.

14.     As a result of the collision, Mr. Roland sustained personal injuries and damages.

## V.     CAUSE OF ACTION NO. 1 - NEGLIGENCE

15.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

16.     Defendant Robert was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(b)     Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(c)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)     Failing to keep a lookout for other vehicles, in violation of the

3

common law of Arkansas;

(f)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(g)    Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(h)    Otherwise failing to exercise ordinary care under the circumstances.

## VI.   <u>CAUSE OF ACTION NO. 2 - RESPONDEAT SUPERIOR LIABILITY</u>

17.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

18.    Defendants Heartland Express and John Doe Entity are responsible and vicariously liable for the negligence of their employee/agent (Defendant Robert) under the legal doctrines of joint enterprise, *respondeat superior liability*, and/or the principles of agency as adopted in the State of Arkansas.

19.    The negligence of Defendant Robert is imputed to Defendant Heartland Express as a matter of law, and/or the Defendant John Doe and/or John Doe Entity.

## VII.   <u>PROXIMATE CAUSATION</u>

20.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

21.    The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VIII.  <u>INJURIES AND COMPENSATORY DAMAGES</u>

22.    All of the allegations previously plead herein are re-alleged as though

stated word-for-word.

23.   Mr. Roland sustained personal injuries as a result of the collision.

24.   Mr. Roland is entitled to the following damages:

(a)   the nature, extent, duration, and permanency of his injuries;

(b)   the full extent of the injuries he sustained;

(c)   the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)   any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)   the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)   the visible results of his injuries; and,

(g)   any property damages she sustained.

25.   The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## IX.   DEMAND FOR JURY TRIAL

26.   Mr. Roland hereby demands a trial by jury.

## X.   DEMAND & PRAYER

27.   The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

28.   The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law;

for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

                           Respectfully Submitted,

                           Attorneys for Plaintiff

By:                      

                           Geoff Thompson
                           Ark. Bar No. 2002093
                           RAINWATER, HOLT & SEXTON, P.A.
                           P.O. Box 17250
                           Little Rock, Arkansas  72222
                           Telephone:   (501) 868-2500
                           Facsimile:   (501) 868-2508

6

THE CIRCUIT COURT OF ___LONOKE___ COUNTY, ARKANSAS

___CIVIL___ DIVISION [Civil, Probate, etc.]

## JIMMY RAY ROLAND

Plaintiff

v.  THOMAS I. ROBERT;             No. _____
    HEARTLAND EXPRESS, INC. OF IOWA;
    JOHN DOE; and JOHN DOE ENTITY
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

## THOMAS I. ROBERT   [Defendant's name and address.]

_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Geoff Thompson, Rainwater, Holt & Sexton, P.A.; P.O. Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

301 N. CENTER STREET
_____

LONOKE, ARKANSAS 72086
_____

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

No. _____ **This summons is for** THOMAS I. ROBERT _____ *(name of*
*Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

## Documents served with Summons include the Complaint and Plaintiff's First Set of Discovery to Defendant.



Arkansas Judiciary

**Case Title:**      JIMMY ROLAND V THOMAS ROBERT ET AL

**Case Number:**   43CV-16-418

**Type:**        SUMMONS - FILER PREPARED

So Ordered

*Tiffany Edge*

Tiffany N Edge

Electronically signed by TNEDGE on 2016-07-08 08:54:52    page 4 of 4

THE CIRCUIT COURT OF <u>LONOKE</u> COUNTY, ARKANSAS

<u>CIVIL</u> DIVISION [Civil, Probate, etc.]

## JIMMY RAY ROLAND

Plaintiff

v. THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY

No. _____

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

HEARTLAND EXPRESS, INC. OF IOWA
_____ [Defendant's name and address.]

_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Geoff Thompson, Rainwater, Holt & Sexton, P.A.; P.O. Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

301 NORTH CENTER STREET
_____

LONOKE, ARKANSAS 72086
_____

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

No. _____ **This summons is for** HEARTLAND EXPRESS, INC. OF IOWA_____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____


_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public


My commission expires: _____

Additional information regarding service or attempted service:

## Documents served with Summons include the Complaint and Plaintiff's First Set of Discovery to Defendant.



Arkansas Judiciary

**Case Title:**     JIMMY ROLAND V THOMAS ROBERT ET AL

**Case Number:**   43CV-16-418

**Type:**          SUMMONS - FILER PREPARED

So Ordered

Tiffany Edge

Tiffany N Edge

Electronically signed by TNEDGE on 2016-07-08 08:55:02     page 4 of 4

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Jul-08  10:41:04
43CV-16-418
C23D03 : 2 Pages

# IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## _____ DIVISION

JIMMY RAY ROLAND                                                    **PLAINTIFF**

**VS.**                          CASE NO. _____

THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                        **DEFENDANTS**

---

## AFFIDAVIT

---

STATE OF ARKANSAS )
                       ) ss.
COUNTY OF PULASKI )

Comes now Geoff Thompson, and states, upon oath, the following:

1.      I represent Plaintiff Jimmy Ray Roland in the above matter.

2.      Plaintiff Jimmy Ray Roland is seeking a judgment against unknown tortfeasors.

3.      The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe and John Doe Entity, and will be named as such in the Plaintiff's Complaint.

4.      Upon determining the identity of John Doe and John Doe Entity, the Complaint will be amended by substituting the real name for the pseudo-name.

5.    This affidavit is made pursuant to A.C.A. § 16-56-125.

_____
Geoff Thompson

7/07/2016
_____
Date

SWORN AND SUBSCRIBED before me on the 7th day of July, 2016.

_____
Notary Public

My commission expires:

_____

```
ELIZABETH ANN WADDELL
    PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires May 13, 2025
   Commission No. 12693966
```

## AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Jul-22   15:42:34
43CV Circuit Court
C23D03 : 1 Page

State of Arkansas                    County of Lonoke

Case Number: 43CV-16-418

Plaintiff:
**Jimmy Ray Roland**
vs.
Defendant:
**Thomas I. Robert, Heartland Express, Inc. of Iowa, John Doe and John Doe Entity**

For: Geoff Thompson
     Rainwater, Holt & Sexton, P.A.

Received by MYERS ATTORNEY'S SERVICE to be served on Heartland Express, Inc. Of Iowa by serving Leon Prickett, III, 3221 **East Broadway, North Little Rock, AR 72114.** I, _Steve    Walden_ , being duly sworn, depose and say that on the _12_ day of _July_ , 20_16_ at _12:20_ p.m., executed service by delivering a true copy of the **LETTER, SUMMONS, NOTICE, COMPLAINT, AFFIDAVIT, PLAINTIFF'S FIRST SET OF DISCOVERY TO SEPARATE DEFENDANT HEARTLAND EXPRESS, INC. OF IOWA,** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving _____ As _____ of the within-named agency.

(✗) CORPORATE SERVICE: By Serving _Leon Prickett_ as _____ _Authorized/R.A._ .

( ) OTHER SERVICE:See Comments Below:
( ) NON SERVICE: See Comments Below:
Service Was Completed At:
_____

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_Steve Walden_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 715**
**Little Rock, AR 72201**
**(501) 376-6266**

Our Job Serial Number: 2016005798

Subscribed and Sworn to before me
on _7-13-16_ by the affiant who is
personally known to me.

_Marrissa McK_
NOTARY PUBLIC

[Notary Seal: MARRISSA MCKINNEY, COMM. EXP. 1-27-2025, No. 12402652, PULASKI COUNTY, NOTARY PUBLIC - ARKANSAS]

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1g



ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Jul-28  08:11:24
43CV-16-418
C23D03 : 6 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### THIRD DIVISION

**JIMMY RAY ROLAND**                                                    **PLAINTIFF**

**VS.**                          **CASE NO. 43CV-16-418**

**THOMAS ROBERT INGRALDI;**
**THOMAS I. ROBERT;**
**HEARTLAND EXPRESS, INC. OF IOWA;**
**JOHN DOE; and JOHN DOE ENTITY**                   **DEFENDANTS**

---

### FIRST AMENDED COMPLAINT

---

COMES NOW the Plaintiff, Jimmy Ray Roland, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the following:

### I.    RESIDENCY & PARTIES

1.    Plaintiff Jimmy Ray Roland was at all times relevant a citizen and resident of Lonoke, Lonoke County, Arkansas.

2.    The purpose of this First Amended Complaint is to add Separate Defendant, Thomas Robert Ingraldi, who was at all times relevant a resident of Port Richey, Pasco County, Florida.

3.    Separate Defendant, Thomas I. Robert, was at all times relevant a resident of Port Richey, Pasco County, Florida.

4.    Separate Defendant Heartland Express, Inc. of Iowa (hereafter referred

to as "Heartland Express") is a foreign for profit corporation licensed to do business in Arkansas. Defendant Heartland Express's principal address is 901 North Kansas Avenue, North Liberty, Johnson County, Iowa 52317. Defendant Heartland Express's registered agent is the Leon Prickett, III, located at 3221 East Broadway, North Little Rock, Arkansas 72114.

5. The residency of Defendant John Doe remains unknown.

6. The residency of Defendant John Doe Entity remains unknown.

7. The incident giving rise to this cause of action occurred on North Center Street, Lonoke, Lonoke County, Arkansas.

## II.    <u>JURISDICTION AND VENUE</u>

8. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

9. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III.    <u>BASIC PREMISE</u>

10. This is a negligence case which arises from a motor vehicle collision that occurred on October 15, 2015, on North Center Street, Lonoke, Lonoke County, Arkansas.

## IV.   FACTS

11.     On or about October 15, 2015, at approximately 3:18 pm, Mr. Roland was stopped facing north on North Center Street, in a Red 2008 Chevrolet Cobalt.

12.     At the same time, Defendant Ingraldi was traveling down the Interstate 40 Eastbound exit ramp, in a 2015 International truck and trailer.

13.     Defendant Ingraldi's vehicle is owned by his employer, Defendant Heartland Express, Inc. of Iowa.

14.     Plaintiff was stopped at a red light facing north at the intersection of North Center Street and an Interstate 40 Eastbound exit ramp when Defendant Ingraldi took the exit ramp too fast causing his tractor trailer to roll onto its side and slide through the intersection, causing impact between the two vehicles.

15.     As a result of the collision, Mr. Roland sustained personal injuries and damages.

## V.   CAUSE OF ACTION NO. 1 - NEGLIGENCE

16.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17.     Defendant Ingraldi was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(b)     Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(c)     Operating a vehicle in such a manner which would cause a failure

to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d)    Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)    Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(g)    Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(h)    Otherwise failing to exercise ordinary care under the circumstances.

## VI.    CAUSE OF ACTION NO. 2 - RESPONDEAT SUPERIOR LIABILITY

18.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

19.    Defendants Heartland Express and John Doe Entity are responsible and vicariously liable for the negligence of their employee/agent (Defendant Ingraldi) under the legal doctrines of joint enterprise, *respondeat superior liability*, and/or the principles of agency as adopted in the State of Arkansas.

20.    The negligence of Defendant Ingraldi is imputed to Defendant Heartland Express as a matter of law, and/or the Defendant John Doe and/or John Doe Entity.

## VII.    PROXIMATE CAUSATION

21.    All of the allegations previously plead herein are re-alleged as though

stated word-for-word.

22.     The Defendants' negligence proximately caused the collision described

herein and the injuries and damages sustained by Plaintiff.

## VIII.  INJURIES AND COMPENSATORY DAMAGES

23.     All of the allegations previously plead herein are re-alleged as though

stated word-for-word.

24.     Mr. Roland sustained personal injuries as a result of the collision.

25.     Mr. Roland is entitled to the following damages:

    (a)     the nature, extent, duration, and permanency of his injuries;

    (b)     the full extent of the injuries he sustained;

    (c)     the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

    (f)     the visible results of his injuries; and,

    (g)     any property damages she sustained.

26.     The injuries and damages described herein have been suffered in the

past and will be continuing in the future.

## IX.     DEMAND FOR JURY TRIAL

27.     Mr. Roland hereby demands a trial by jury.

## X.     DEMAND & PRAYER

28.    The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

29.    The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

/s/ Geoff Thompson
Ark. Bar No. 2002093
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas  72222
Telephone:   (501) 868-2500
Facsimile:    (501) 868-2508

THE CIRCUIT COURT OF ___LONOKE___ COUNTY, ARKANSAS

___CIVIL___ DIVISION [Civil, Probate, etc.]

## JIMMY RAY ROLAND

Plaintiff

v. THOMAS I. ROBERT
   THOMAS ROBERT INGRALDI;       No. __43CV-16-418__
   HEARTLAND EXPRESS, INC. OF IOWA;
   JOHN DOE; and JOHN DOE ENTITY

Defendant

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

THOMAS ROBERT INGRALDI
_____  [Defendant's name and address.]

_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Geoff Thompson, Rainwater, Holt & Sexton, P.A.; P.O. Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

301 N. CENTER STREET
_____

LONOKE, ARKANSAS 72086
_____

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

**No.** 43CV-16-418 **This summons is for** THOMAS ROBERT INGRALDI _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____                SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____                 By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

Documents served with Summons include the Complaint and Plaintiff's First Set of Discovery to Defendant.



Arkansas Judiciary

**Case Title:**     JIMMY ROLAND V THOMAS ROBERT ET AL

**Case Number:**   43CV-16-418

**Type:**          SUMMONS - FILER PREPARED

So Ordered

*Tiffany Edge*

Tiffany N Edge

Electronically signed by TNEDGE on 2016-07-28 12:00:39    page 4 of 4

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Aug-18  16:02:55
43CV-16-418
C23D03 : 8 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### THIRD DIVISION

**JIMMY RAY ROLAND**                                                                **PLAINTIFF**

**VS.**                                        **NO. 43CV-16-418**

**THOMAS ROBERT INGRALDI;**
**THOMAS I. ROBERT;**
**HEARTLAND EXPRESS, INC. OF IOWA;**
**JOHN DOE; and JOHN DOE ENTITY**                                    **DEFENDANTS**

### ANSWER TO FIRST AMENDED COMPLAINT

Defendant Heartland Express, Inc. of Iowa ("Heartland"), for its answer to

the first amended complaint[1] of plaintiff Jimmy Ray Roland, states:

1.      States that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 1 of the plaintiff's first

amended complaint and, therefore, denies those allegations.

2.      States that the plaintiff's first amended complaint speaks for itself;

and states that is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 2 of the plaintiff's first amended

complaint and, therefore, denies those allegations.

---

[1] Plaintiff's original complaint was filed on July 7, 2016. Plaintiff's first amended complaint was
filed on July 28, 2016, and did not adopt or incorporate by reference plaintiff's original complaint.
Under Arkansas law, an amended complaint, unless it adopts and incorporates the original
complaint, supersedes the original complaint. *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark.
573, 577, 916 S.W.2d 114, 116 (1996). Thus, no answer should be required to plaintiff's original
complaint. However, to the extent a response is required to the original complaint, all material
allegations contained therein are denied unless specifically admitted in this answer.

3.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the plaintiff's first amended complaint and, therefore, denies those allegations.

4.     Admits that Heartland is a corporation organized under the laws of a state other than the State of Arkansas; admits that Heartland is authorized to do business in the State of Arkansas; admits the allegation as to the location of its principal place of business; admits that the plaintiff's first amended complaint correctly identifies Heartland's registered agent for service of process in this state; but denies the remaining allegations in paragraph 4 of the plaintiff's first amended complaint.

5.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the plaintiff's first amended complaint and, therefore, denies those allegations.

6.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the plaintiff's first amended complaint and, therefore, denies those allegations.

7.     Admits that the accident at issue in the plaintiff's first amended complaint occurred in Lonoke, Lonoke County, Arkansas; but denies the remaining allegations in paragraph 7 of the plaintiff's first amended complaint.

8.     Admits that this Court has jurisdiction over the subject matter of this action; but denies the remaining allegations in paragraph 8 of the plaintiff's first amended complaint.

9. Admits that venue is proper in this Court; but denies the remaining allegations in paragraph 9 of the plaintiff's first amended complaint.

10. Admits that the accident at issue in the plaintiff's first amended complaint occurred on October 15, 2015, in Lonoke, Lonoke County, Arkansas; states that the plaintiff's first amended complaint speaks for itself; and denies the remaining allegations in paragraph 10 of the plaintiff's first amended complaint.

11. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the plaintiff's first amended complaint and, therefore, denies those allegations.

12. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the plaintiff's first amended complaint and, therefore, denies those allegations.

13. Admits the allegations in paragraph 13 of the plaintiff's first amended complaint.

14. Denies that the accident occurred as alleged; denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and denies the remaining allegations in paragraph 14 of the plaintiff's first amended complaint.

15. Denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and states that it is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the plaintiff's first amended complaint and, therefore, denies those allegations.

16.    Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 16 of the plaintiff's first amended complaint.

17.    Denies the allegations in paragraph 17 of the plaintiff's first amended complaint, including all subparts.

18.    Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 18 of the plaintiff's first amended complaint.

19.    Admits that at the time of the subject accident, defendant Ingraldi was Heartland's employee and was acting in the course and scope of his employment; denies that defendant Ingraldi was guilty of any negligence or fault on the occasion alleged that directly and proximately caused injury or damages to the plaintiff; and states that the remaining allegations of paragraph 19 of the plaintiff's first amended complaint contain legal conclusions to which no response is required, but that to extent a response may be deemed required, the allegations are denied.

20.    Denies that defendant Ingraldi was guilty of any negligence or fault on the occasion alleged that directly and proximately caused injury or damages to the plaintiff; and states that the remaining allegations of paragraph 20 of the plaintiff's

first amended complaint contain legal conclusions to which no response is required, but that to extent a response may be deemed required, the allegations are denied.

21.     Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 21 of the plaintiff's first amended complaint.

22.     Denies the allegations of paragraph 22 of the plaintiff's first amended complaint.

23.     Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 23 of the plaintiff's first amended complaint.

24.     Denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the plaintiff's first amended complaint and, therefore, denies those allegations.

25.     Denies that the plaintiff is entitled to recover damages in this action; and denies the remaining allegations in paragraph 25 of the plaintiff's first amended complaint, including all subparts.

26.     Denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and states that it is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the plaintiff's first amended complaint and, therefore, denies those allegations.

27.     Joins in plaintiff's demand for a trial by jury in response to paragraph 27 of the plaintiff's first amended complaint.

28.     Denies that the plaintiff is entitled to judgment against the defendants in any amount; and denies the remaining allegations in paragraph 28 of the plaintiff's first amended complaint.

29.     Denies that the plaintiff is entitled to judgment against the defendants in any amount; and denies the remaining allegations in paragraph 29 of the plaintiff's first amended complaint.

30.     States that any material allegation in the complaint or first amended complaint not specifically admitted in this answer is denied.

31.     Denies that the plaintiff is entitled to recover compensatory damages in this action under the theories of liability asserted in the plaintiff's first amended complaint or under any other theories of liability that might hereafter be asserted in any further or amended pleadings filed on behalf of the plaintiff in this action.

32.     State that the plaintiff's first amended complaint fails to state facts upon which relief can be granted against the defendants in this action.

33.     States that any damages suffered by the plaintiff were proximately caused by the plaintiff or others over whom Heartland had no control, and to whom

Heartland owed no duty.  Therefore, moves this court for apportionment of fault pursuant to Ark. Code Ann. §§ 16-61-201 et seq. and 16-64-122.

34.    States that any damages suffered by the plaintiff were the proximate result of an intervening, superseding cause.

35.    Asserts that the plaintiff has failed to mitigate his claimed damages.

36.    Affirmatively pleads all defenses, all limitations of damages and recovery, and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, et seq.) to the extent applicable.

37.    States that plaintiff has failed to properly serve Heartland with valid process as required by Ark. R. Civ. P. 4 and, therefore, asserts the defenses under Ark. R. Civ. P. 12(b)(2), (4), and (5).

38.    Pleads by way of reservation all affirmative defenses available pursuant to Ark. R. Civ. P. 8(c).

39.    Reserves the right to plead further upon completion of discovery.

40.    Demands a trial by jury.

WHEREFORE, defendant Heartland Express, Inc. of Iowa prays that the plaintiff's first amended complaint be dismissed, for its costs herein expended, and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jsallings@wlj.com
            mthompson@wlj.com


By _____
     Jerry J. Sallings (84134)
     Michael A. Thompson (2010146)
     *Attorneys for Defendant,*
     *Heartland Express, Inc. of Iowa*


## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, I electronically filed the foregoing

with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System,

which shall send notification of such filing to the following:

Mr. Geoff Thompson
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222

In the event that the recipients are not registered with the Arkansas

Judiciary Electronic Filing System, I hereby certify that on August 18, 2016, I

provided the foregoing via U.S. mail to the following:

Mr. Geoff Thompson
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222

                              /s/ Michael A. Thompson_____
                              Michael A. Thompson

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Aug-19 10:09:21
43CV-16-418
C23D03 : 8 Pages

# IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## THIRD DIVISION

JIMMY RAY ROLAND                                                      PLAINTIFF

VS.                                    NO. 43CV-16-418

THOMAS ROBERT INGRALDI;
THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                           DEFENDANTS

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Heartland Express, Inc. of Iowa ("Heartland"), for its answer[1] to

the first amended complaint[2] of plaintiff Jimmy Ray Roland, states:

1.      States that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 1 of the plaintiff's first

amended complaint and, therefore, denies those allegations.

2.      States that the plaintiff's first amended complaint speaks for itself;

and states that is without knowledge or information sufficient to form a belief as to

---

[1] Heartland's answer was originally filed yesterday, August 18, 2016.  It was inadvertently unsigned.
Under Rule 11(c)(1) of the Arkansas Rules of Civil Procedure, "If a pleading, motion, or other paper
is not signed, it shall be stricken unless it is signed promptly after the omission is called to the
attention of the pleader or movant."  This copy of Heartland's answer is being promptly submitted to
correct the omission of counsel's signature, satisfy the requirements of Rule 11(c)(1), and prevent the
striking of its original filing.

[2] Plaintiff's original complaint was filed on July 7, 2016.  Plaintiff's first amended complaint was
filed on July 28, 2016, and did not adopt or incorporate by reference plaintiff's original complaint.
Under Arkansas law, an amended complaint, unless it adopts and incorporates the original
complaint, supersedes the original complaint. *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark.
573, 577, 916 S.W.2d 114, 116 (1996).  Thus, no answer should be required to plaintiff's original
complaint.  However, to the extent a response is required to the original complaint, all material
allegations contained therein are denied unless specifically admitted in this answer.

the truth of the remaining allegations in paragraph 2 of the plaintiff's first amended complaint and, therefore, denies those allegations.

3.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the plaintiff's first amended complaint and, therefore, denies those allegations.

4.      Admits that Heartland is a corporation organized under the laws of a state other than the State of Arkansas; admits that Heartland is authorized to do business in the State of Arkansas; admits the allegation as to the location of its principal place of business; admits that the plaintiff's first amended complaint correctly identifies Heartland's registered agent for service of process in this state; but denies the remaining allegations in paragraph 4 of the plaintiff's first amended complaint.

5.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the plaintiff's first amended complaint and, therefore, denies those allegations.

6.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the plaintiff's first amended complaint and, therefore, denies those allegations.

7.      Admits that the accident at issue in the plaintiff's first amended complaint occurred in Lonoke, Lonoke County, Arkansas; but denies the remaining allegations in paragraph 7 of the plaintiff's first amended complaint.

8.     Admits that this Court has jurisdiction over the subject matter of this action; but denies the remaining allegations in paragraph 8 of the plaintiff's first amended complaint.

9.     Admits that venue is proper in this Court; but denies the remaining allegations in paragraph 9 of the plaintiff's first amended complaint.

10.     Admits that the accident at issue in the plaintiff's first amended complaint occurred on October 15, 2015, in Lonoke, Lonoke County, Arkansas; states that the plaintiff's first amended complaint speaks for itself; and denies the remaining allegations in paragraph 10 of the plaintiff's first amended complaint.

11.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the plaintiff's first amended complaint and, therefore, denies those allegations.

12.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the plaintiff's first amended complaint and, therefore, denies those allegations.

13.     Admits the allegations in paragraph 13 of the plaintiff's first amended complaint.

14.     Denies that the accident occurred as alleged; denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and denies the remaining allegations in paragraph 14 of the plaintiff's first amended complaint.

15.     Denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the plaintiff's first amended complaint and, therefore, denies those allegations.

16.     Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 16 of the plaintiff's first amended complaint.

17.     Denies the allegations in paragraph 17 of the plaintiff's first amended complaint, including all subparts.

18.     Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 18 of the plaintiff's first amended complaint.

19.     Admits that at the time of the subject accident, defendant Ingraldi was Heartland's employee and was acting in the course and scope of his employment; denies that defendant Ingraldi was guilty of any negligence or fault on the occasion alleged that directly and proximately caused injury or damages to the plaintiff; and states that the remaining allegations of paragraph 19 of the plaintiff's first amended complaint contain legal conclusions to which no response is required, but that to extent a response may be deemed required, the allegations are denied.

20.     Denies that defendant Ingraldi was guilty of any negligence or fault on the occasion alleged that directly and proximately caused injury or damages to the plaintiff; and states that the remaining allegations of paragraph 20 of the plaintiff's first amended complaint contain legal conclusions to which no response is required, but that to extent a response may be deemed required, the allegations are denied.

21.     Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 21 of the plaintiff's first amended complaint.

22.     Denies the allegations of paragraph 22 of the plaintiff's first amended complaint.

23.     Restates and re-alleges responses to the previous paragraphs of the plaintiff's first amended complaint as though set forth herein in response to paragraph 23 of the plaintiff's first amended complaint.

24.     Denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the plaintiff's first amended complaint and, therefore, denies those allegations.

25.     Denies that the plaintiff is entitled to recover damages in this action; and denies the remaining allegations in paragraph 25 of the plaintiff's first amended complaint, including all subparts.

26.     Denies that defendant Ingraldi or Heartland were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries or damages to the plaintiff; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the plaintiff's first amended complaint and, therefore, denies those allegations.

27.     Joins in plaintiff's demand for a trial by jury in response to paragraph 27 of the plaintiff's first amended complaint.

28.     Denies that the plaintiff is entitled to judgment against the defendants in any amount; and denies the remaining allegations in paragraph 28 of the plaintiff's first amended complaint.

29.     Denies that the plaintiff is entitled to judgment against the defendants in any amount; and denies the remaining allegations in paragraph 29 of the plaintiff's first amended complaint.

30.     States that any material allegation in the complaint or first amended complaint not specifically admitted in this answer is denied.

31.     Denies that the plaintiff is entitled to recover compensatory damages in this action under the theories of liability asserted in the plaintiff's first amended complaint or under any other theories of liability that might hereafter be asserted in any further or amended pleadings filed on behalf of the plaintiff in this action.

32.     State that the plaintiff's first amended complaint fails to state facts upon which relief can be granted against the defendants in this action.

33.    States that any damages suffered by the plaintiff were proximately caused by the plaintiff or others over whom Heartland had no control, and to whom Heartland owed no duty.  Therefore, moves this court for apportionment of fault pursuant to Ark. Code Ann. §§ 16-61-201 et seq. and 16-64-122.

34.    States that any damages suffered by the plaintiff were the proximate result of an intervening, superseding cause.

35.    Asserts that the plaintiff has failed to mitigate his claimed damages.

36.    Affirmatively pleads all defenses, all limitations of damages and recovery, and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, et seq.) to the extent applicable.

37.    States that plaintiff has failed to properly serve Heartland with valid process as required by Ark. R. Civ. P. 4 and, therefore, asserts the defenses under Ark. R. Civ. P. 12(b)(2), (4), and (5).

38.    Pleads by way of reservation all affirmative defenses available pursuant to Ark. R. Civ. P. 8(c).

39.    Reserves the right to plead further upon completion of discovery.

40.    Demands a trial by jury.

WHEREFORE, defendant Heartland Express, Inc. of Iowa prays that the plaintiff's first amended complaint be dismissed, for its costs herein expended, and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jsallings@wlj.com
     mthompson@wlj.com


By /s/ Michael A. Thompson
   Jerry J. Sallings (84134)
   Michael A. Thompson (2010146)
   *Attorneys for Defendant,*
   *Heartland Express, Inc. of Iowa*


## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I electronically filed the foregoing

with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System,

which shall send notification of such filing to the following:

Mr. Geoff Thompson
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222

In the event that the recipients are not registered with the Arkansas

Judiciary Electronic Filing System, I hereby certify that on August 19, 2016, I

provided the foregoing via U.S. mail to the following:

Mr. Geoff Thompson
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222

     /s/ Michael A. Thompson
     Michael A. Thompson

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Oct-06  12:07:59
43CV-16-418
C23D03 : 3 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### THIRD DIVISION

JIMMY RAY ROLAND                                              PLAINTIFF

VS.                              CASE NO. 43CV-16-418

THOMAS ROBERT INGRALDI;
THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                          DEFENDANTS

---

### MOTION FOR EXTENSION OF TIME TO SERVE

---

COMES NOW the Plaintiff, Jimmy Ray Roland, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., pursuant to Ark. R. Civ. P. 4, and for his request states:

1.    On July 7, 2016, Plaintiff filed his complaint and named Separate Defendant Thomas I. Robert pursuant to the Arkansas Motor Vehicle Crash Report.

2.    In an attempt to locate Separate Defendant Robert, Plaintiff obtained an investigation report which determined that Separate Defendant Robert was named incorrectly.

3.    On July 28, 2016, Plaintiff amended his complaint to properly name Separate Defendant Thomas I. Robert as Separate Defendant Thomas Robert Ingraldi.

4.    Plaintiff has obtained service on Separate Defendant Heartland

Express, Inc. of Iowa.

5.     On August 1, 2016, Plaintiff retained process server, Richard Waddell, to obtain personal service on Separate Defendant Thomas Robert Ingraldi.

6.     On August 8, 2016, Mr. Waddell was able to speak with Separate Defendant Ingraldi's spouse and was informed that Separate Defendant Ingraldi passed away on July 29, 2016. Upon information and belief, Separate Defendant Ingraldi was a resident of Port Richey, Pasco County, Florida.

7.     Since the receipt of this information, Plaintiff has been unable to locate an estate opened on behalf of Separate Defendant Ingraldi.

8.     Due to the above mentioned information that was discovered, Plaintiff is in need of an additional 120 days to obtain service on Separate Defendants Robert and Ingraldi.

WHEREFORE, Plaintiff prays his Motion for Extension of Time to Serve be granted, and he be granted an additional 120 days to perfect service on Defendant and for all other relief for which he may be entitled.

Respectfully Submitted,

/s/ Geoff Thompson
Ark. Bar No. 2002093
**RAINWATER, HOLT & SEXTON, P.A.**
P.O. Box 17250
Little Rock, Arkansas  72222
Telephone:   (501) 868-2500
Facsimile:    (501) 868-2508

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Geoff Thompson, do hereby certify that a copy of the above and foregoing was electronically filed with the Clerk of Court by using the electronic filing system on October 6, 2016. A notice of electronic filing was sent to the following:

> Jerry J. Sallings (84134)
> Michael A. Thompson (2010146)
> **WRIGHT, LINDSEY & JENNINGS LLP**
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> E-MAIL: jsallings@wlj.com; mthompson@wlj.com

/s/ Geoff Thompson

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2016-Oct-07  12:14:09
43CV-16-418
C23D03 : 1 Page

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## THIRD DIVISION

**JIMMY RAY ROLAND**                                                      **PLAINTIFF**

**VS.**                               **CASE NO. 43CV-16-418**

**THOMAS ROBERT INGRALDI;**
**THOMAS I. ROBERT;**
**HEARTLAND EXPRESS, INC. OF IOWA;**
**JOHN DOE; and JOHN DOE ENTITY**                          **DEFENDANTS**

---

### ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE

---

Comes on this day, Plaintiff's Motion for Extension of Time to Serve and after review of the pleadings and due consideration, the Court finds there is good cause to grant Plaintiff's Motion.

THEREFORE, Plaintiff is hereby granted a 120 day extension to perfect service upon Separate Defendants Thomas I. Robert and Thomas Robert Ingraldi, making the new service deadline March 2, 2017.

IT IS SO ORDERED.

_____
Honorable Parker Sanders Huckabee

10 - 7 - 16
Date

Prepared by:
Geoff Thompson
Ark. Bar No. 2002093
**RAINWATER, HOLT & SEXTON, P.A.**
P.O. Box 17250
Little Rock, Arkansas 72222
Telephone:      (501) 868-2500
Facsimile:       (501) 868-2508
E-Mail: Thompson@RainFirm.com
*Attorneys for Plaintiff*

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Feb-07  09:46:13
43CV-16-418
C23D03 : 3 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## THIRD DIVISION

**JIMMY RAY ROLAND**                                                        **PLAINTIFF**

**VS.**                             **CASE NO. 43CV-16-418**

**THOMAS ROBERT INGRALDI;**
**THOMAS I. ROBERT;**
**HEARTLAND EXPRESS, INC. OF IOWA;**
**JOHN DOE; and JOHN DOE ENTITY**                             **DEFENDANTS**

---

### SECOND MOTION FOR EXTENSION OF TIME TO SERVE

---

COMES NOW the Plaintiff, Jimmy Ray Roland, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., pursuant to Ark. R. Civ. P. 4, and for his motion states:

1.     On July 7, 2016, Plaintiff filed his complaint and named Separate Defendant Thomas I. Robert pursuant to the Arkansas Motor Vehicle Crash Report.

2.     In an attempt to locate Separate Defendant Robert, Plaintiff obtained an investigation report which determined that Separate Defendant Robert was named incorrectly.

3.     On July 28, 2016, Plaintiff amended his complaint to properly name Separate Defendant Thomas I. Robert as Separate Defendant Thomas Robert Ingraldi.

4.     Plaintiff has obtained service on Separate Defendant Heartland Express, Inc. of Iowa.

5.     On August 1, 2016, Plaintiff retained process server, Richard Waddell,

to obtain personal service on Separate Defendant Thomas Robert Ingraldi.

6.     On August 8, 2016, Mr. Waddell was able to speak with Separate Defendant Ingraldi's spouse and was informed that Separate Defendant Ingraldi passed away on July 29, 2016. Upon information and belief, Separate Defendant Ingraldi was a resident of Port Richey, Pasco County, Florida.

7.     Since the receipt of the above information, Plaintiff has been unable to locate an estate opened on behalf of Separate Defendant Ingraldi.

8.     Plaintiff has obtained counsel in Florida to establish the estate of Separate Defendant Ingraldi.

9.     Due to the above mentioned information, Plaintiff is in need of an additional 120 days to obtain service on Separate Defendants Robert and Ingraldi. Plaintiff's Counsel spoke with Counsel for Separate Defendant Heartland Express, Inc. of Iowa and they do not object to this Motion.

WHEREFORE, Plaintiff prays his Motion for Extension of Time to Serve be granted, and he be granted an additional 120 days to perfect service on Defendant and for all other relief for which he may be entitled.

Respectfully Submitted,

/s/ Geoff Thompson
Ark. Bar No. 2002093
**RAINWATER, HOLT & SEXTON, P.A.**
P.O. Box 17250
Little Rock, Arkansas  72222
Telephone:   (501) 868-2500
Facsimile:    (501) 868-2508

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Geoff Thompson, do hereby certify that a copy of the above and foregoing was electronically filed with the Clerk of Court by using the electronic filing system on February 7, 2017. A notice of electronic filing was sent to the following:

Jerry J. Sallings (84134)
Michael A. Thompson (2010146)
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
E-MAIL: jsallings@wlj.com; mthompson@wlj.com

/s/ Geoff Thompson

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Feb-07 12:19:53
43CV-16-418
C23D03 : 1 Page

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## THIRD DIVISION

**JIMMY RAY ROLAND**                                          **PLAINTIFF**

**VS.**                          **CASE NO. 43CV-16-418**

**THOMAS ROBERT INGRALDI;**
**THOMAS I. ROBERT;**
**HEARTLAND EXPRESS, INC. OF IOWA;**
**JOHN DOE; and JOHN DOE ENTITY**                          **DEFENDANTS**

## ORDER GRANTING SECOND MOTION FOR
## EXTENSION OF TIME TO SERVE

Comes on this day, Plaintiff's Second Motion for Extension of Time to Serve and after review of the pleadings and due consideration, the Court finds there is good cause to grant Plaintiff's Motion.

THEREFORE, Plaintiff is hereby granted a 120 day extension to perfect service upon Separate Defendants Thomas I. Robert and Thomas Robert Ingraldi, making the new service deadline June 30, 2017.

IT IS SO ORDERED.

_____
Honorable Parker Sanders Huckabee

2 - 7 - 17
_____
Date

Prepared by:
Geoff Thompson
Ark. Bar No. 2002093
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222
Telephone:     (501) 868-2500
Facsimile:     (501) 868-2508
E-Mail: Thompson@RainFirm.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-May-30  13:50:45
43CV-16-418
C23D03 : 3 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## THIRD DIVISION

JIMMY RAY ROLAND                                              PLAINTIFF

VS.                          CASE NO. 43CV-16-418

THOMAS ROBERT INGRALDI;
THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                                 DEFENDANTS

---

### THIRD MOTION FOR EXTENSION OF TIME TO SERVE

---

COMES NOW the Plaintiff, Jimmy Ray Roland, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., pursuant to Ark. R. Civ. P. 4, and for his motion states:

1.     On July 7, 2016, Plaintiff filed his complaint and named Separate Defendant Thomas I. Robert pursuant to the Arkansas Motor Vehicle Crash Report.

2.     In an attempt to locate Separate Defendant Robert, Plaintiff obtained an investigation report which determined that Separate Defendant Robert was named incorrectly.

3.     On July 28, 2016, Plaintiff amended his complaint to properly name Separate Defendant Thomas I. Robert as Separate Defendant Thomas Robert Ingraldi.

4.     Plaintiff has obtained service on Separate Defendant Heartland Express, Inc. of Iowa.

5.     On August 1, 2016, Plaintiff retained process server, Richard Waddell,

to obtain personal service on Separate Defendant Thomas Robert Ingraldi.

6.     On August 8, 2016, Mr. Waddell was able to speak with Separate Defendant Ingraldi's spouse and was informed that Separate Defendant Ingraldi passed away on July 29, 2016. Upon information and belief, Separate Defendant Ingraldi was a resident of Port Richey, Pasco County, Florida.

7.     Since the receipt of the above information, Plaintiff has been unable to locate an estate opened on behalf of Separate Defendant Ingraldi.

8.     Plaintiff has obtained counsel in Florida to establish the estate of Separate Defendant Ingraldi.

9.     Florida counsel has not yet established the estate of Separate Defendant Ingraldi due to unforeseen difficulties.

10.    Due to the above mentioned information, Plaintiff is in need of an additional 120 days to obtain service on Separate Defendants Robert and Ingraldi. Plaintiff's Counsel spoke with Counsel for Separate Defendant Heartland Express, Inc. of Iowa and they do not object to this Motion.

WHEREFORE, Plaintiff prays his Motion for Extension of Time to Serve be granted, and he be granted an additional 120 days to perfect service on Defendant and for all other relief for which he may be entitled.

Respectfully Submitted,

/s/ Geoff Thompson
Ark. Bar No. 2002093
**RAINWATER, HOLT & SEXTON, P.A.**
P.O. Box 17250
Little Rock, Arkansas  72222
Telephone:   (501) 868-2500
Facsimile:   (501) 868-2508

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Geoff Thompson, do hereby certify that a copy of the above and foregoing was electronically filed with the Clerk of Court by using the electronic filing system on May 30, 2017. A notice of electronic filing was sent to the following:

Jerry J. Sallings (84134)
Michael A. Thompson (2010146)
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
E-MAIL: jsallings@wlj.com; mthompson@wlj.com

/s/ Geoff Thompson

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-May-31  09:12:58
43CV-16-418
C23D03 : 1 Page

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### THIRD DIVISION

JIMMY RAY ROLAND                                                    **PLAINTIFF**

VS.                          **CASE NO. 43CV-16-418**

THOMAS ROBERT INGRALDI;
THOMAS I. ROBERT;
HEARTLAND EXPRESS, INC. OF IOWA;
JOHN DOE; and JOHN DOE ENTITY                       **DEFENDANTS**

---

### ORDER GRANTING THIRD MOTION FOR
### EXTENSION OF TIME TO SERVE

---

Comes on this day, Plaintiff's Third Motion for Extension of Time to Serve and after review of the pleadings and due consideration, the Court finds there is good cause to grant Plaintiff's Motion.

THEREFORE, Plaintiff is hereby granted a 120 day extension to perfect service upon Separate Defendants Thomas I. Robert and Thomas Robert Ingraldi, making the new service deadline October 27, 2017.

IT IS SO ORDERED.

_____
Honorable Parker Sanders Huckabee

5-31-17
_____
Date

Prepared by:
Geoff Thompson
Ark. Bar No. 2002093
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222
Telephone:   (501) 868-2500
Facsimile:   (501) 868-2508
E-Mail: Thompson@RainFirm.com

*Attorneys for Plaintiff*

E-SERVICE
60910394
Jul 28 2017
11:46AM
File & ServeXpress

IN THE CIRCUIT COURT FOR PASCO COUNTY, FLORIDA
PROBATE DIVISION

IN RE:  ESTATE OF

                       File No.

THOMAS ROBERT INGRALDI

                       Division
        Deceased.

512017CP00075CPAXWS J Section
Paula S. O'Neil Clerk & Comptroller   FSX ID 66906991

ELECTRONICALLY FILED FOR RECORD Jul 28 2017 08:43AM

**LETTERS OF ADMINISTRATION**
(single personal representative)

TO ALL WHOM IT MAY CONCERN:

    WHEREAS, THOMAS ROBERT INGRALDI, a resident of Pasco County, Florida, died on July 29, 2016, owning assets in the State of Florida, and

    WHEREAS, DOUGLAS B. STALLEY has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned Circuit Judge, declare DOUGLAS B. STALLEY duly qualified under the laws of the State of Florida to act as Personal Representative of the estate of THOMAS ROBERT INGRALDI, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

            Ordered on _____, 2017.

                                         _____
                                         Circuit Judge

DONE AND ORDERED _____ Circuit Judge Philippe Matthey

**EXHIBIT**

tabbies

B
_____